**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ROCKY A. BROWN,           ) | |
|         ) | |
|         Plaintiff,     ) | |
|         ) | |
| vs.               ) | Case No. CIV-06-794-M |
|         ) | |
| MICHAEL J. ASTRUE,     ) | |
| Commissioner of the Social Security   ) | |
| Administration,        ) | |
|         ) | |
|         Defendant.   ) | |

## ORDER

On April 9, 2007, United States District Judge Vicki Miles-LaGrange entered a Judgment and Order of Remand in this case reversing the decision of defendant Commissioner of the Social Security Administration ("Commissioner") and remanding this case for further administrative proceedings. Based on same, on May 9, 2007, plaintiff filed an Application for Attorney's Fees Under the Equal Access to Justice Act. On May 22, 2007, the Commissioner filed his response, and on June 12, 2007, plaintiff filed his reply.

In his application, plaintiff requests an award of fees in the amount of $4,747.80 and further requests that said award be paid directly to plaintiff's attorneys. In his response, the Commissioner states that he has no objection to plaintiff's request for fees in the amount of $4,747.80 but does object to the request to pay the award directly to plaintiff's attorneys.

The Equal Access to Justice Act ("EAJA") provides, in pertinent part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of

the United States was substantially justified or that special
circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added).  Thus, based upon the express language of the EAJA,

the Court finds that the fee award is payable to plaintiff rather than his attorneys.[1]

In further support of the request to pay the award directly to plaintiff's attorneys, plaintiff

relies upon language contained in the contract entered into by plaintiff and his attorneys which

purports to assign his right to the payment of the award to his attorneys.[2]  The Court, however, finds

that the language contained in the contract does not alter the Court's finding that the fee award is

payable to plaintiff rather than his attorneys.  Specifically, the Court finds that language contained

in a contract cannot override the EAJA statute.  Further, the Court finds that plaintiff's interpretation

that the contract language authorizes payment to be made directly to plaintiff's attorneys is but one

possible interpretation of the language[3] and finds that the interpretation and enforcement of the

contract is not a proper matter to be addressed through the instant application for EAJA fees.

---

[1]The Court notes that this finding is further supported by the Tenth Circuit's statements in
*McGraw v. Barnhart*, 450 F.3d 493, 503 (10th Cir. 2006) ("EAJA fees are not always available, and
even if they are, the award is to the claimant, who may or may not tender that award to counsel,
regardless of their agreement.")

[2]The contract provides, in part: "[EAJA] fees are generally made payable directly to
Attorney.  However, if such fees are made payable to Claimant, Claimant hereby assigns all of
his/her rights to such payments to Attorney as partial payment for the attorney fee."

[3]Said language could also be interpreted to mean that if payment is made directly to plaintiff,
he has no right to keep the payment and it should be turned over to his attorneys.

2

Accordingly, for the reasons set forth above, the Court GRANTS plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act [docket no. 22] as follows: the Court AWARDS plaintiff EAJA fees in the amount of $4,747.80, to be paid directly to plaintiff.

**IT IS SO ORDERED this 22nd day of June, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE